## WILLIAM M. COOKE & WIFE *v.* TRUSTEES OF WINCHESTER.

**Taxation by Towns—Personal Property Where Taxed.**

The situs of notes, accounts and all species of indebtedness is the home of the creditor, and where such creditor resides within a town such property may be taxed by the town.

APPEAL FROM CLARK CIRCUIT COURT.

March 18, 1875.

Opinion by Judge Lindsay :

The 9th section of an act to amend the several acts in relation to the town of Winchester, approved February 16, 1867, authorized and empowered "the trustees of said town * * * to tax annually, all property and choses in action of the citizens of said town, which they were required to give in for state taxation, not exceeding twenty-five cents on each one hundred dollars thereof."

The 1st section of an act to further amend the several acts in relation to the town of Winchester, approved March 18, 1870, provides "That the board of trustees of the town of Winchester shall have power and authority to assess annually, levy and collect a tax on all real and personal estate within the limits of the town, not exceeding fifty cents on each one hundred dollars worth of property." By the act of 1876, it is evident that choses in action, held, owned and possessed by citizens of the town, could be taxed regardless of the debtor's place of residence. "It may be fairly inferred that the object of the act of 1870 was to increase the revenues of the town, as the maximum rate of taxation was doubled." Such being the case, it is not probable that the legislature intended to defeat, or impede the accomplishment of the end it had in view, by diminishing the subjects of taxation.

The power of the trustees to tax personal property is restricted to such as is within the limits of the town. If choses in action, held by citizens and payable to them at their place of residence, are within the town, then such personal property falls within the class subjected by the act to taxation. The situs of notes and accounts, and, in fact, of every species of indebtedness, and of all kinds of evidences of indetedness, is the home of the creditor. This is the general rule, and it must control in this case, unless the language of the act requires a different interpretation.

Appellants refer us to the case of *Trigg v. Trustees of Glasgow,* 2 Bush 594. In that case the attempt was made to tax choses in action, money, and mercantile interests in Louisville. Trigg was interested in a mercantile establishment in a distant city. Such choses in action, money and other interests as belonged to and were connected with that establishment, had an actual location at another and different place from the residence of the creditor, and were, therefore, without the application of the general rule just stated.

In the case of the *City of Louisville v. Henning & Speed,* 1 Bush 382, the power to tax was upon the cash value of the real and personal estate and slaves within the city: This language was held, and properly held to apply alone to such personal estate as by the general laws of the state was assessed for state revenue at the cash value. Choses in action and other evidences of indebtedness were never so assessed, hence they were not embraced by the legislative delegation of the taxing power, under which the city of Louisville was proceeding. In this case the grant of power is to tax all real and personal estate within the town. The choses in action held by appellants are personal property; they are within the town of Winchester, and they therefore constitute a proper subject of taxation.

Judgment *affirmed.*

*J. Simpson,* for appellants.  *L. B. Grigsby,* for appellees.